UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| SELENA THOMPSON, JON M. STEWART, CHRISTINE OST, and JACOB MANNING, on behalf of themselves and all other employees similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>JIMMY JOHN'S FRANCHISE, LLC, JIMMY JOHN'S ENTERPRISES, LLC, JIMMY JOHN'S, LLC, SPIN THE PLANET, INC., STP JJ TEAM 1, LLC, d/b/a SPIN THE PLANET ENTERPRISES, d/b/a JIMMY JOHN'S, WTE, INC., and DANIEL VANSTEENBURG,<br><br>Defendants. | **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 AND 1446 BY DEFENDANTS SPIN THE PLANET INC., STP JJ TEAM 1, LLC AND DANIEL VANSTEENBURG**<br><br>(Removed from Monroe County Supreme Court, Index No. 17/10083)<br><br>Civil No.: _____ |

---

Defendants Spin the Planet, Inc., STP JJ Team 1, LLC, d/b/a Spin the Planet Enterprises, d/b/a Jimmy John's, WTE, Inc., and Daniel Vansteenburg (collectively, the "STP Defendants") hereby remove this action to the United States District Court for the Western District of New York pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, through the undersigned counsel, as follows:

## I. STATEMENT OF FACTS

1. On or about October 5, 2017, named plaintiffs Selena Thompson, Jon M. Stewart, Christine Ost and Jacob Manning commenced a class action in the New York State Supreme Court, County of Monroe (Index No. 17/10083) on behalf of themselves and "similarly situated current and former delivery drivers" allegedly employed by the named defendants in New York, Minnesota and Massachusetts. Plaintiffs seek injunctive relief, damages in the amount of

allegedly underpaid wages and unpaid gratuities, treble damages under Massachusetts law, attorneys' fees, costs, and service payments for the named plaintiffs.

2. The Complaint was served upon the STP Defendants on February 1, 2018. An index of all documents served in the State court action is attached hereto as **Exhibit A** pursuant to Local Rule 81(a)(3)(A). Copies of all documents served upon the STP Defendants in the State court action are attached hereto as **Exhibit B** pursuant to Local Rule 81(a)(3)(B).

3. Upon information and belief, named plaintiffs Selena Thompson and Jon M. Stewart reside in Monroe County, New York.

4. Defendant STP JJ Team 1, LLC is a Minnesota limited liability company with its principal office in Oakdale, Minnesota. Defendants Spin the Planet, Inc. and WTE, Inc. are Minnesota corporations with principal offices in Oakdale, Minnesota. Defendant Daniel Vansteenburg is an individual resident of the State of Minnesota.

## II.   BASIS FOR REMOVAL

A. This Court Has Original Jurisdiction Over This Action Under 28 U.S.C. § 1332(d).

5. Upon information and belief, named plaintiffs Selena Thompson and Jon M. Stewart are citizens of New York.

6. Defendants Spin the Planet, Inc., STP JJ Team 1, LLC and WTE, Inc. are citizens of Minnesota.

7. The requisite minimum diversity of citizenship for removal is present because at least the named plaintiffs Selena Thompson and Jon M. Stewart are citizens of a "State different from any defendant" as specified by 28 U.S.C. § 1332(d)(2)(A).

8.  The putative class includes an aggregate of more than 2,000 members. At the Jimmy John's franchise locations at issue, STP JJ Team 1, LLC has employed in excess of 2,000 delivery drivers during the applicable limitations periods.

9.  Specifically, plaintiffs' proposed class consists of six subclasses:

   (a) <u>New York Minimum Wage Subclass</u>: All persons who worked as delivery drivers for Defendants in New York, who, at any time in the six years prior to the filing of this action through the entry of judgment in this matter, were not reimbursed for vehicle costs and/or other related expenses and/or were not provided the requisite written notice to be paid subminimum wages.

   (b) <u>Minnesota Minimum Wage Subclass</u>: All persons who have worked as delivery drivers for Defendants in Minnesota, who, at any time in the three years prior to the filing of this action through the entry of judgment in this matter, were not reimbursed for vehicle costs and/or other related expenses.

   (c) <u>Massachusetts Minimum Wage Subclass</u>: All persons who have worked as delivery drivers for Defendants in Massachusetts, who, at any time in the three years prior to the filing of this action through the entry of judgment in this matter, were not reimbursed for vehicle costs and/or other related expenses and/or were not provided the requisite notice to be paid subminimum wages.

   (d) <u>New York Illegal Retention of Gratuities Subclass</u>: All persons who worked as delivery drivers [for Defendants] in New York, who, at any

3

        time six years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills.

  (e)  <u>Minnesota Illegal Retention of Gratuities Subclass</u>: All persons who worked as delivery drivers [for Defendants] in Minnesota, who, at any time three years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills.

  (f)  <u>Massachusetts Illegal Retention of Gratuities Subclass</u>: All persons who worked as delivery drivers [for Defendants] in Massachusetts, who, at any time three years prior to the filing of this action through the entry of final judgment in this matter, did not receive the collected gratuity automatically added on to customers' delivery bills.

10.   The Complaint seeks damages for allegedly underpaid wages and unpaid gratuities. The STP Defendants dispute that plaintiffs are entitled to any damages and reserve the right to challenge plaintiffs' claims and the calculation of damages in all respects. For purposes of removal only, upon information and belief, the purported value of damages in this action exceeds $5 million, exclusive of interest and costs, which is the minimum threshold required by 28 U.S.C. § 1332(d)(2).

  (a)  In the Complaint, plaintiffs allege that the class of delivery drivers was underpaid for mileage, resulting in violations New York, Minnesota, and Massachusetts minimum wage laws. Plaintiffs allege that named plaintiffs Thompson, Stewart

4

and Manning were underpaid by as much as $8.64/hour, $2.24/hour, and $4.86/hour, respectively.

(b) Thompson worked as a delivery driver for 998.5 hours which would yield $8,627.04 in alleged damages (998.5 hours x $8.64/hour).

(c) Stewart worked as a delivery driver for 764 hours which would yield $1,711.36 in alleged damages (764 hours x $2.24/hour).

(d) Manning worked as a delivery driver for 133.5 hours which would yield $648.81 in alleged damages (133.5 x $4.86/hour).

(e) The Complaint alleges the named plaintiffs are representative of the class. The average of the alleged damages of Thompson, Stewart, and Manning is $3,662.40. With a class exceeding 2000 members at an average of $3,662.40 in damages per member, the Complaint effectively alleges damages on the minimum wage claims in excess of $7 million.

11. Plaintiffs also seek, *inter alia*, damages on their unpaid gratuities claims, treble damages under Massachusetts law, and attorneys' fees. There is therefore a "reasonable probability" that the aggregate damages at issue in this action exceed the $5 million minimum threshold. *See Wurtz v. Rawlings Co.*, 761 F.3d 232, 239 (noting that the defendant bears the burden of demonstrating a "reasonable probability" that the jurisdictional requirements are met).

12. As reflected in the *Consent to Removal* attached hereto at **Exhibit C**, Jimmy John's Franchise, LLC, Jimmy John's Enterprises, LLC, and Jimmy John's LLC, each of which are unincorporated associations pursuant to 28 U.S.C. § 1332(d)(10) organized under the laws of Delaware and with their principal place of business in Illinois, consent to removal of this action to this Court.

B.  This Notice Of Removal Is Timely Under 28 U.S.C. § 1446(b)(1).

13.  A notice of removal must be filed within 30 days after the defendant receives a copy of the complaint for relief. 28 U.S.C § 1446(b)(1).

14.  The STP Defendants received service of the plaintiffs' Complaint on February 1, 2018. This Notice of Removal is being filed within 30 days of February 1, 2018 and is therefore timely under 28 U.S.C. § 1446(b)(1).

C.  Venue Is Proper In The Western District Of New York.

15.  Under 28 U.S.C. § 1441, a state court action may be removed to the district court for the district in which the state court action is pending. 28 U.S.C. § 1441(a).

16.  Plaintiffs filed their Complaint in the Supreme Court of Monroe County, New York.

17.  The Western District of New York includes Monroe County. 28 U.S.C. §112(d).

18.  Therefore, venue in this Court is proper.

D.  This Notice of Removal Complies With All Applicable Procedural Requirements.

19.  As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon plaintiffs, by and through their attorney of record, and is being filed with the Clerk of the Court of the New York State Supreme Court, County of Monroe, Monroe County Clerk's Office.

WHEREFORE, the STP Defendants, with the consent of the remaining defendants, respectfully request that this Court take jurisdiction of this matter and that that filing of this Notice of Removal effectuate removal.

Dated: Buffalo, New York
March 1, 2018

        Respectfully submitted,

        GOLDBERG SEGALLA LLP

        */s/ Richard A. Braden*
        Richard A. Braden
        *Attorneys for Defendants Spin the Planet, Inc.,*
          *STP JJ Team 1, LLC, d/b/a Spin the Planet*
          *Enterprises, d/b/a Jimmy John's, WTE,*
          *Inc., and Daniel Vansteenburg*
        665 Main Street
        Buffalo NY 14203
        rbraden@goldbergsegalla.com
        Telephone: (716) 566-5436
        Facsimile: (716) 566-5401

        &

        Andrew D. Moran
        R. Henry Pfutzenreuter
        Katherine E. Muller
        Larkin Hoffman Daly & Lindgren Ltd.
        8300 Norman Center Drive
        Suite 1000
        Minneapolis, MN 55437-1060
        amoran@larkinhoffman.com
        hpfutzenreuter@larkinhoffman.com
        kmuller@larkinhoffman.com
        Telephone: (952) 896-1541
        Facsimile: (952) 842-1785

        Motions for Admission *Pro*
        *Hac Vice* to Follow

8486557.1